■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MEACHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lentol, J.), rendered February 11, 1981, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On October 6, 1979, the complainant Diane Williams, her husband and their five-year-old daughter resided in an apartment on the seventh floor of 2955 West 29th Street in Brooklyn. On that date, the complainant was home with her daughter when she received a telephone call from a neighbor on the eighth floor of the same apartment building, known to her as "Rockman", who asked if he could come by and return some money that he owed her husband. The complainant agreed, and a few minutes later admitted Rockman to the apartment; however, another man, unknown to complainant, but later identified as the defendant, also stepped into the apartment and pulled out a gun. The defendant and Rockman then beat and robbed the complainant, demanding money. After they searched the apartment and took a few items of jewelry, the complainant was tied up, placed on a bed with her face covered by a pillow, and shot in the head. The defendant and Rockman then brought the complainant's five-year-old daughter into the same bedroom and she, also, was shot in the head. The child later died of the injuries inflicted by the intruders.

The complainant was able to call the police and she and her daughter were taken to Coney Island Hospital. While being treated there, the complainant named Rockman as one of her attackers and told police that he lived on the eighth floor of her apartment building. She described her other assailant as a man 5 feet, 11 inches or 6 feet tall, with a moustache and sideburns; he had been wearing charcoal gray or black pinstriped pants, a gray knit sweater and black shoes.

Detective Rooney proceeded from the hospital back to the West 29th Street apartment building, intending to go to Rockman's apartment. While in the lobby, he noticed that the elevator was then on the eighth floor; it descended to the lobby, and the defendant, who fit the description given to Rooney by complainant, got out and walked towards the exit. Rooney approached him, identified himself as a police officer, and asked the defendant if he lived in the building. The defendant replied that he did not, that he lived across town. Rooney then asked the defendant what he was doing in the building, and the defendant replied that he was visiting his friend Rockman, whereupon Rooney placed the defendant under arrest, and advised him of his rights. Rooney then took the defendant up to Rockman's apartment and instructed him to knock on the door and tell Rockman that the police were present and that he should come out. The defendant did so, and Rockman was then arrested, also. Following a hearing, the court granted the defendant's motion to suppress his statements made at Rockman's door, but refused to suppress the defendant's statements made to Detective Rooney in the lobby.

The defendant contends that the statements made in the lobby also should have been suppressed because Rooney had failed to read him the *Miranda* warnings before questioning him. We disagree. The brief detention of the defendant did not constitute a custodial interrogation which required the administration of *Miranda* warnings. Under the circumstances of this case, Detective Rooney clearly had the right to stop the defendant and ask him certain preliminary questions *(see, e.g., People v De Bour,* 40 NY2d 210, 220; *People v Landy,* 59 NY2d 369, 376). Further, once the defendant stated that he had been visiting Rockman, the named assailant and in view of the other descriptive information he had been given, Rooney had probable cause to arrest him, contrary to the defendant's position here. Consequently, the hearing court properly declined to suppress these statements made by the defendant.

We have considered the defendant's other contentions and find them to be without merit. Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.